#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>*Plaintiff,*<br><br>v.<br><br>**GLENN RANDALL FERGUSON,**<br><br>*Defendant.* | Case No. CR-17-17-RAW |

### GOVERNMENT'S RESPONSE AND OBJECTION
### TO DEFENDANT'S "FIRST MOTION IN LIMINE
### TO EXCLUDE OUT-OF-COURT STATEMENTS"

COMES NOW, the United States of America, by and through United States Attorney Brian J. Kuester, and Assistant United States Attorney Sarah McAmis, and hereby submits this Response and Objection to Defendant's "First Motion in Limine to Exclude Out-of-Court Statements".

### STATEMENT OF THE CASE

On March 14, 2017, the Defendant was charged by way of Indictment with one count of Possession of Certain Material Involving the Sexual Exploitation of Minors in violation of 18 U.S.C. §§ 2252(a)(4)(B) & 2252(b)(2). The Defendant made his initial appearance and was arraigned on March 30, 2017. (Doc. 10). The Defendant subsequently waived his right to a Speedy Trial on April 18, 2017. (Doc. 21). On or about March 29, 2018, the Court found by a preponderance of the evidence that the Defendant was presently suffering from a mental disease or defect that rendered him mentally incompetent to the extent that he was unable to assist properly in his defense. (Doc. 60). The Court ordered that the Defendant be hospitalized to determine whether he could attain the capacity for the proceedings to go forward. (Doc. 60). At a subsequent hearing on February 28, 2019, the Court found the Defendant competent to stand trial. (Doc. 82).

A jury trial is currently scheduled to begin on January 7, 2020.

On December 4, 2019, the Defendant filed a Motion in Limine in which he seeks to suppress the Defendant's statement to Special Agent Rivers and Investigator Frazier. (Doc. 96). The case is set for a Criminal Pretrial Conference on December 18, 2019 at 10:00 a.m.

## STATEMENT OF FACTS RELEVANT TO THIS MOTION

On April 16, 2014, FBI Special Agent Michael Rivers and Muskogee Police Investigator Rob Frazier interviewed the Defendant. The interview was non-custodial and it took place in a government vehicle outside of the Defendant's home. At the conclusion of the interview, the Defendant was free to leave and returned inside his home. The Defendant was not arrested until March 30, 2017, after an arrest warrant had been issued.

During the course of the interview, the Defendant said that he lived in the home with Tammy. He described previously being involved in a motorcycle wreck and a car crash and said he suffered traumatic brain injuries from each. The Defendant claimed his memory was bad and he sometimes could not remember events from five minutes earlier. The Defendant said he did not work and he received disability.

The Defendant explained that he had three computers in the house and one in the garage. The Defendant said he shared the pink laptop with his wife and that the other two laptops belonged to his children. The Defendant admitted that he used his computer to look at "a lot" of pornography. He admitted that the pornography included child pornography and that he would look at it for three to four days in a row.

The Defendant explained that he downloaded his P2P program so that he could share his files with other users and so that he could obtain files from those shared by other users. The Defendant said he used P2P to click on photos and videos to find pornography. The Defendant

claimed that he would sometimes be looking at "regular" pornography and child pornography would "pop up". He also admitted that he used P2P to download both adult and child pornography. The Defendant confessed that he had searched for pornography using search terms such as "Lolita, little girl, skinny girl, tiny girl, young girl, and daddy's little girl". The Defendant also admitted that he "may have" searched for the term "nine-year-old blow job". The Defendant said he would sometimes just type "girls" or "naked girls" to see what would come up. The Defendant claimed that he did not know the meaning of the term "Lolita" or why he searched for that. He first said that he assumed all of the girls were 18-years-old, then he said that the girls were "usually" over 18. The Defendant told investigators that he was "addicted" to pornography, that he would look at it "all he could", and that he needed help.

## ARGUMENT

## THE DEFENDANT'S STATEMENT WAS VOLUNTARY

The Defendant alleges that his statement to Special Agent Rivers was "involuntary". (Doc. 96). The Defendant argues, "Nothing about the April 2014 Form 302 or Mr. Ferguson's background of head injuries and memory issues indicates that the questioning on April 16, 2014 was voluntary." (Doc. 96). A hearing has not yet been conducted wherein this Court can hear or take evidence from Special Agent Rivers regarding the voluntariness of the statement.

The issue of the voluntariness of the Defendant's statement will be one that will ultimately be presented to the jury. As such, the Government included argument and authority for its proposition that the Defendant's statement was voluntary in its Trial Brief. The Government incorporates those arguments and authority herein; including the proposition that before this Court can find the Defendant's statement involuntary, the United States Supreme Court has found that

3

there must first be a finding of "coercive police activity".  *Colorado v. Connelly,* 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d (1986).

In the case at bar, this Court has been presented with no evidence that would suggest any coercive or threatening police activity.  There is no evidence that either Special Agent Rivers or Investigator Frazier raised their voices, drew their weapons, or placed the Defendant in handcuffs, and there is no evidence that they knew of any weakness or condition that might have made the Defendant more susceptible to coercion.  The Defendant's statement was voluntary and the issue should ultimately be decided by a jury of his peers.   As such, the Defendant's Motion in Limine should be denied.

## THE DEFENDANT WAS NOT IN CUSTODY
## AT THE TIME HE WAS INTERVIEWED

In the Motion in Limine, the Defendant argues that his statements were made "in a government car with at least two law enforcement officers present" and that he "was not given any *Miranda* warnings".  (Doc. 96).  As set forth above, the Defendant was interviewed on April 16, 2014.  At all times during the interview, the Defendant was free to leave.  At the conclusion of the interview, the Defendant voluntarily left and returned to his home.  The Defendant was not arrested until March 30, 2017, after an arrest warrant had been issued.

In ruling on the merits of the Defendant's Motion, the first issue is whether there is any evidence of coercive police activity as set forth above.  The second issue is whether the Defendant was in custody at the time of his statement.  "If [d]efendant was not in custody, there is no obligation on the law enforcement officers to provide any warnings or notice of rights." *United States v. Baker*, 2007 WL 2420013 *citing*, *Oregon v. Mathiason,* 429 U.S. 492, 495 (1977) ("Miranda warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody.'").

In *United States v. Campos-Bretado*, 2014 WL 4467341, at *8, the Court analyzed the "initial question" of whether the defendant was in custody:

> A person is "in custody" when "a reasonable man in the suspect's position would have understood his situation ... as the functional equivalent of formal arrest." *Revels,* 510 F.3d at 1273 (citing *Berkemer v. McCarty,* 468 U.S. 420, 442, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984)). "Whether a suspect is in custody represents an objective determination." *United States v. Jones,* 523 F.3d 1235, 1239 (10th Cir.2008). Courts must "ignore the subjective views of interrogating officers" and instead look to "(1) whether the circumstances demonstrated a police-dominated atmosphere; (2) whether the nature and length of the officers' questioning was accusatory or coercive; and (3) whether the police made [defendant] aware that [he] was free to refrain from answering questions, or to otherwise end the interview." *Revels,* 510 F.3d at 1275.

In the case at bar, the Defendant was not detained, handcuffed, or restricted in movement in any way. The Defendant voluntarily agreed to speak with Special Agent Rivers and Investigator Frazier and he could have stopped the conversation at any time. The interview was conversational and not coercive. At the end of the conversation, the Defendant got out of the Agent's vehicle and went back inside his home. The Defendant was not arrested until over one year later. There is no evidence that the Defendant was in custody, nor would it have been reasonable for him to think he was in custody. As such, *Miranda* is not applicable and the Defendant's Motion should be denied.

## CONCLUSION

For the above stated reasons above, the Government requests that the Defendant's "First Motion in Limine to Exclude Out-of-Court Statements" be denied.

       Respectfully submitted,

       BRIAN KUESTER
       United States Attorney

s/  Sarah McAmis
    SARAH McAMIS, OBA # 15903
    Assistant United States Attorney
    520 Denison Avenue
    Muskogee, Oklahoma 74401
    Telephone: (918) 684-5100

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2019, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant: Rob Williams, Attorney for Defendant.

s/  Sarah McAmis
    SARAH McAMIS
    Assistant United States Attorney